UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
CLAUDIA FREDDI, on behalf of herself, individually, and all similarly situated persons,

Plaintiff,

-against-

CASA TUA NYC, LLC d/b/a CASA TUA NEW YORK, MIKY GRENDENE, LETICIA HERRERA GRENDENE, VITO CENTRONE and DENISE CENKA,

Defendants.
---------------------------------------------------------------------X

**AMENDED COMPLAINT**

*Class and Collective Action*

Plaintiff Claudia Freddi, on behalf of herself, individually, and all similarly situated persons, by and through her counsel, the Romero Law Group PLLC, complaining of the Defendants Casa Tua NYC, LLC d/b/a Casa Tua New York, Miky Grendene, Leticia Herrera Grendene, Vito Centrone and Denise Cenka (collectively as "Defendants"), alleges as follows:

**NATURE OF THE CLAIM**

1. Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 146 ("NYLL"), unpaid minimum wages under the NYLL, unpaid wages at her agreed upon rates of pay under the NYLL, unpaid spread of hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, unlawfully deducted and/or retained tips and gratuities under the FLSA and NYLL, unlawful deductions from her wages earned under NYLL § 193, damages for failure to furnish accurate and complete wage statements for each pay period under NYLL § 195(3), damages for failure to provide a compliant wage notice upon her hire under NYLL § 195(1), for unjust enrichment, quantum meruit and conversion under New York common law, and for retaliation

under the FLSA, NYLL and NYLL § 740, and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other similarly-situated persons during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings her claims under the NYLL and New York common law on behalf of herself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

3. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations and violations of New York common law.

## **JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## **THE PARTIES**

6. At all relevant times, Plaintiff is and was a resident of the State of New York.

7. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2), (4), and NYLL § 740(1)(a).

8. At all relevant times, Defendant Casa Tua NYC, LLC d/b/a Casa Tua New York is and was a foreign limited liability company with its principal place of business at 244 NW 35th Street, Miami, Florida 33127, and maintains multiple business locations in New York.

9. At all relevant times, Defendant Casa Tua NYC, LLC d/b/a Casa Tua New York was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, alcohol, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

10. At all relevant times, Defendant Casa Tua NYC, LLC d/b/a Casa Tua New York was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), NYLL § 190(3), and NYLL § 740(1)(b).

11. At all relevant times, Defendant Casa Tua NYC, LLC d/b/a Casa Tua New York employed more than eleven employees at any given time.

12. At all times relevant, Defendant Miky Grendene is and was a shareholder, owner, and/or officer and co-founder for Defendant Casa Tua NYC, LLC d/b/a Casa Tua New York, was active in the day to day management of the corporate defendant, including directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, determining what wages were paid to Plaintiff and other employees, had the

power to hire, fire and discipline employees, had authority to make all personnel decisions for all employees, was responsible for maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA, NYLL and NYLL § 740(1)(b).

13. At all times relevant, Defendant Leticia Herrera Grendene is and was a shareholder, owner, and/or officer and co-founder for Defendant Casa Tua NYC, LLC d/b/a Casa Tua New York, was active in the day to day management of the corporate defendant, including directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions for all employees, was responsible for maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA, NYLL and NYLL § 740(1)(b).

14. At all times relevant, Defendant Vito Centrone is and was the Director of Operations for the corporate defendant, as well as a manager for the corporate defendant, was active in the day to day management of the corporate defendant, including directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions for all employees, and exercised this authority to terminate Plaintiff Freddi's employment, was responsible for maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA, NYLL and NYLL § 740(1)(b).

15. At all times relevant, Defendant Denise Cenka is and was a Bar Manager and/or Floor Manager for the corporate defendant, was active in the day to day management of the corporate defendant, including directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions for all employees, and exercised this authority to terminate Plaintiff Freddi's employment, was responsible for maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA, NYLL and NYLL § 740(1)(b).

16. At all relevant times, since in or about October 2024 through the present, Defendants operated multiple restaurants and bars through Defendant Casa Tua NYC, LLC d/b/a Casa Tua New York that serve Italian and Mediterranean fare, and alcohol.

17. At all relevant times, Defendants operated multiple restaurants and bars through Defendant Casa Tua NYC, LLC d/b/a Casa Tua New York at The Surrey, A Corinthia Hotel, located at 20 East 76th Street, New York, New York 11374, including its primary restaurant facility, as well as The Lounge and The Club.

18. At all relevant times, these three restaurant and bar facilities are and were all one business, operated by Defendants through Defendant Casa Tua NYC, LLC d/b/a Casa Tua New York, which operated all three restaurant and bar facilities in the same manner with the same business model, at the same location, and catered to the same or similar clientele.

19. At all relevant times, Defendants operated Defendant Casa Tua NYC, LLC d/b/a Casa Tua New York by employing the same staff for all three restaurant and bar facilities, and employees worked interchangeably at all three restaurant and bar facilities as needed.

20. At all relevant times, Defendants maintained the same employee compensation practices, including but not limited to Defendants' practices relating to recording hours, payment of wages, overtime wages, spread of hours compensation, tipped employees' wages, tip and gratuities practices, and other wage and hour practices, for their employees at all three restaurant and bar facilities operated through Defendant Casa Tua NYC, LLC d/b/a Casa Tua New York.

## FACTS

## Defendants' Wage Violations

21. Defendants employed Plaintiff as a non-exempt bartender from in or about December 2024 until on or about January 27, 2026.

22. During the period of in or about December 2024 through early 2025, Plaintiff typically worked varying hours over the course of several workdays during each workweek.

23. During the period of in or about early 2025 until in or about January 2026, Plaintiff typically worked on Monday and Thursday through Saturday from 5:00 p.m. until 1:00 a.m., and Sunday from 11:00 a.m. until 1:00 p.m., and sometimes even more hours, during her workweeks.

24. During a short period occurring in or about in or about January 2026 until on or about January 27, 2026, Plaintiff typically worked on Monday, Tuesday, and Friday through Saturday from 5:00 p.m. until 1:00 a.m., and Sunday from 11:00 a.m. until 1:00 p.m., and sometimes even more hours, during her workweeks.

25. Throughout her employment, Plaintiff typically did not receive uninterrupted meal breaks during her workdays.

26. During the period of in or about early 2025 until on or about January 27, 2026, Defendants frequently required Plaintiff to work in excess of forty hours during many of her workweeks.

27. Throughout her employment, Defendants paid Plaintiff an hourly rate of pay, at least for those hours where Plaintiff received compensation.

28. From in or about January 2025 through the end of her employment, with only a few exceptions, Defendants took a tip credit deduction for each hour that Plaintiff worked and consequently paid her at reduced hourly rates of pay below the applicable NYLL minimum wage rates and overtime rates as a tipped employee.

29. Throughout her employment, Defendants failed to provide Plaintiff with a compliant written notice under the NYLL that Defendants were claiming a tip credit toward the statutory minimum wage or her overtime rate of pay for her hours paid at a tipped rate.

30. Throughout her employment, Defendants paid Plaintiff pursuant to a tip pool arrangement wherein tips and gratuities received from patrons were distributed equally to Plaintiff and other tipped employees, including, *inter alia*, bartenders, servers, bar backs, back servers, runners and, at times, sommeliers.

31. During periods of her employment, Defendants operated and imposed an unlawful tip pool upon Plaintiff and other tipped employees in that Defendants frequently permitted its sommeliers to participate and share in the distribution of tips and gratuities intended for tipped employees.

32. During periods of her employment, upon information and belief, Defendants' sommeliers were paid a regular hourly rate of pay that was at or above the applicable NYLL minimum wage rate.

33. During periods of her employment, upon information and belief, Defendants' sommeliers were paid an hourly rate of pay that was not subject to a tip credit deduction for each

hour that they worked and, as a result, Defendants' sommeliers were not paid at a reduced hourly rate of pay below the NYLL minimum wage and were not paid as tipped employees.

34. During periods of her employment, Defendants' sommeliers improperly participated in and received tips and gratuities through Defendants' tip pool in the same amounts as a tipped employee, despite the fact that the sommeliers were not performing, or assisting in performing, personal service duties to patrons as a principal and regular part of their duties and were not being paid at a reduced hourly, tipped rate of pay.

35. As such, during periods of her employment, Defendants unlawfully deprived Plaintiff and other tipped employees of compensation in the form of tips and gratuities owed to them through these practices, in violation of the FLSA, NYLL, NYLL § 193 and New York common law.

36. During periods of her employment, Defendants frequently deducted sums from tips and gratuities – a form of wages – contributed to Defendants' tip pool which were tips and gratuities earned by and owed to Plaintiff and other tipped employees by improperly retaining and distributing those funds to Defendants' sommeliers, in violation of the FLSA, NYLL, NYLL § 193 and New York common law.

37. Throughout her employment, Defendants, through their managers, frequently deducted sums from tips and gratuities – a form of wages – that were intended to be contributed to Defendants' tip pool and that were tips and gratuities earned by and owed to Plaintiff and other tipped employees by improperly retaining those funds for Defendants' managers, and not including those funds in the tip pool calculations and never distributing those tips and gratuities to anyone through the tip pool.

38. Thus, throughout her employment, Defendants deducted from and/or failed to remit Plaintiff's and other tipped employees' earned wages that were owed in the form of tips and gratuities, resulting in unlawful deductions, either directly or by separate transactions, to Plaintiff's and other tipped employees' earned wages that were not required by law or regulation, and were not authorized by Plaintiff and other tipped employees and were not for their benefit, in violation of the FLSA, NYLL, NYLL § 193 and New York common law.

39. Moreover, throughout her employment, Defendants frequently required Plaintiff to perform duties normally performed by other non-tipped employees. Throughout her employment, Plaintiff often performed a substantial amount of non-tipped work during her shifts, which exceeded twenty percent of her time worked during certain shifts and therefore exceeded the amount of time permitted for a tipped-rate employee by applicable law and regulations. Notwithstanding this, Defendants paid Plaintiff at her tipped rate of pay for her time spent performing non-tipped work.

40. By way of example, Defendants commonly required Plaintiff to perform the following non-tipped work while being paid at her tipped rate, including, *inter alia*, cleaning the bar area, cutting fruit, filling bottles with syrups and juices for drinks, stocking dishes, preparing bar stations for her workdays, restocking the bar areas, cleaning glasses, maintaining fridge areas, performing opening and closing procedures, and sending photos showing that these tasks were completed to Defendants.

41. Throughout her employment, Defendants inaccurately recorded the amount of tips and gratuities received and/or earned by Plaintiff and other tipped employees.

42. Despite these unlawful practices, throughout her employment, Defendants paid Plaintiff and other tipped employees at a reduced tipped rates that were below the applicable statutorily mandated minimum wage rates and overtime rates, in violation of the NYLL.

43. Despite being required to work in excess of forty hours during many workweeks, throughout her employment, Defendants paid Plaintiff at an incorrect overtime rate of pay by paying her at rates of pay that were below the statutorily required overtime rate of one and one-half times the applicable minimum wage rate or her proper regular hourly rate of pay, whichever is greater, for her hours worked in excess of forty during her workweeks.

44. Throughout her employment, Defendants consistently deducted thirty minutes of time from each of Plaintiff's shifts as an unpaid meal period, even though Defendants typically did not afford Plaintiff a meal period. As a result, Defendants consistently failed to pay Plaintiff at any rate of pay for her hours worked during the time period that she should have received an uninterrupted meal period during most of her workdays.

45. Throughout her employment, Defendants repeatedly failed to pay Plaintiff at any rate of pay for certain hours worked during some of her workweeks whereby Defendants improperly failed to include certain hours worked by Plaintiff and, therefore, did not compensate Plaintiff for certain hours worked by Plaintiff in her weekly paychecks.

46. Throughout her employment, Defendants repeatedly failed to pay Plaintiff at any rate of pay for certain hours worked during some of her workweeks, including workweeks where she worked more than forty hours, thereby failing to pay Plaintiff at the minimum wage, her agreed upon rates of pay, or her overtime rates of pay for certain hours worked, in violation of the FLSA, NYLL, NYLL § 193 and New York common law.

47. Thus, throughout her employment, Defendants failed to pay Plaintiff at her statutorily-mandated overtime rates of pay of at least one and one-half times the applicable minimum wage rate or her proper regular hourly rates of pay, whichever is greater, for her hours worked in excess of forty during many workweeks, in violation of the FLSA and NYLL.

48. Throughout her employment, Defendants deducted from and/or failed to remit certain hours of Plaintiff's earned wages that were owed during certain workweeks, resulting in unlawful deductions, either directly or by separate transactions, to Plaintiff's earned wages that were not required by law or regulation, and were not authorized by Plaintiff and were not for their benefit, in violation of the NYLL, NYLL § 193 and New York common law.

49. Throughout her employment, Plaintiff worked certain daily shifts that exceeded ten hours per day from its start to its finish.

50. However, from the beginning of her employment until on or about September 14, 2025, Defendants failed to pay Plaintiff spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

51. Throughout her employment, Defendants failed to provide written notice to Plaintiff upon her hire in her primary language – or at all – of her rates of pay and other information required by NYLL § 195(1).

52. Throughout her employment, Defendants failed to furnish Plaintiff with accurate statements of her wages earned, including, *inter alia*, her correct regular and overtime rates of pay, her correct amount of regular and overtime hours worked, her spread of hours compensation, and her correct amount of tips and gratuities earned and/or received, her correct amount of gross wages, net wages, deductions and allowances, and the inaccurate and incomplete wage statements

provided failed to include the employer's telephone number, for each pay period as required by NYLL § 195(3).

53. By failing to provide Plaintiff with a wage notice meticulously detailing Plaintiff's hourly rates upon her hire, as well as by failing to accurately record her actual amount of tips and gratuities earned for each workweek, as required by NYLL §§ 195(1) and (3) and the related New York State Department of Labor Regulations, and by failing to provide other accurate and/or complete information under these requirements, such as failing to provide accurate wage statements (i.e. paystubs), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine whether she had been underpaid for her proper straight-time, regular hourly wages, overtime compensation, or had been correctly paid for all tips and gratuities earned, throughout her employment.

54. Because Plaintiff worked without the accurate and complete information required by NYLL §§ 195(1) and (3), Plaintiff was unable to determine the precise amount of wages, tips and gratuities that she was entitled to receive, assess the manner in which her wages were calculated, and determine that she had been underpaid every workweek, which caused Plaintiff to suffer unpaid wages throughout her employment and causing her to suffer underpayments longer than she would have if a compliant – or any – wage notice and/or compliant or accurate wage statements had been provided.

55. With no way to know how much Plaintiff should have been making or receiving in wages, tips and gratuities, Plaintiff worked throughout her employment without discovering how much she had been underpaid nearly every week, which denied Plaintiff not only the time-value of that money, but also resulted in continued actual underpayments.

56. Additionally, Defendants Casa Tua NYC, LLC d/b/a Casa Tua New York, Miky Grendene and Leticia Herrera Grendene were involved in prior litigation relating to similar issues as those asserted herein. Specifically, the matter of *Javier Marte and Andy Moreno v. Casa Tua NYC, LLC, JIL Janitorial Services & Solutions, LLC, Miky Grendene, Leticia Grendene, and Wilkin Alejandro Leonardo*, Docket No. 25-cv-05650 (JGK) (S.D.N.Y.), which was filed on July 9, 2025, asserted claims against Defendants Casa Tua NYC, LLC d/b/a Casa Tua New York, Miky Grendene and Leticia Herrera Grendene for, *inter alia*, their failure to pay lawful overtime compensation under the FLSA and NYLL, failure to pay minimum wage compensation under the FLSA and NYLL, failure to provide a compliant wage notice upon their hire under NYLL § 195(1), and failure to furnish accurate wage statements for each pay period under NYLL § 195(3). Thus, Defendants Casa Tua NYC, LLC d/b/a Casa Tua New York's, Miky Grendene's and Leticia Herrera Grendene's violations of the applicable wage and hour laws were willful, intentional and did not occur as part of a good faith effort to comply with the applicable wage and hour laws.

57. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the wages earned by and paid to Plaintiff, failing to pay Plaintiff in accordance with her actual hours worked, failing to pay certain hours worked at her agreed upon rates of pay under the NYLL, failing to pay wages at least equal to the NYLL minimum wage rate of pay, failing to pay proper overtime wages in accordance with her hours worked, failing to pay spread of hours compensation for portions of her employment under the NYLL, permitting Defendants' managers to retain tips and gratuities earned by Plaintiff and other tipped employees, permitting sommeliers to retain tips and gratuities from the employee tip pool earned by and owed to Plaintiff and other tipped employees during a portion of her employment, unlawfully deducting and/or failing to remit earned wages in the form

of hourly wages, tips and gratuities owed to Plaintiff, failing to provide compliant tip credit notices under the NYLL, failing to provide a compliant wage notice upon their hire under the NYLL, failing to provide accurate and complete wage statements for each pay period under the NYLL, and by continuing to engage in these unlawful wage violations even after facing and resolving a prior lawsuit asserting similar wage violations under the FLSA and NYLL.

58. Defendants treated and paid Plaintiff, Class Members and FLSA Collective Action Members in the same or similar manner pursuant to Defendants' corporate-wide payroll and employment practices.

59. Plaintiff, Class Members and FLSA Collective Action Members suffered the same or similar harms as a result of Defendants' corporate-wide payroll and employment practices.

**Defendants' Unlawful Retaliation Against Plaintiff**

60. Defendants unlawfully retaliated against Plaintiff by terminating her employment after engaging in protected activity under the FLSA, NYLL and NYLL § 740.

61. During her employment, Defendants' other tipped employees sometimes retained certain tips and gratuities received and did not contribute those funds to the tip pool. In these circumstances, these other tipped employees would split these improperly retained tips and gratuities among themselves and other favored tipped employees.

62. However, these tips and gratuities were intended to be contributed to Defendants' tip pool and were tips and gratuities that should have been distributed to Plaintiff and other tipped employees through the tip pool.

63. At times, these other tipped employees would offer for Plaintiff to participate in the split of these improperly retained tips and gratuities. Plaintiff consistently refused to participate in these practices and refused to accept these improperly retained tips and gratuities as Plaintiff

understood that these were tips and gratuities that should have been distributed to Plaintiff and other tipped employees through the tip pool.

64. At times, Defendants' managers and staff, including other bartenders, would consume alcohol during their shifts at work.

65. Defendants' staff would treat employees who engaged in this practice favorably and targeted employees that refused to participate in consuming alcohol for harassment.

66. Indeed, Defendants' staff repeatedly pressured Plaintiff to participate in their alcohol drinking activities at work.

67. Plaintiff did not wish to participate in consuming alcohol with Defendants' other staff at work.

68. Plaintiff rarely, if ever, consumes alcohol in her personal life.

69. In order to avoid being ostracized by Defendants' staff, Plaintiff eventually felt compelled to purportedly participate in their drinking activities, but refused to actually consume any alcohol.

70. As a result, on a few occasions, Plaintiff pretended to engage in drinking at work with Defendants' other staff, including other bartenders, which led to Defendants' staff ending their negative treatment towards her.

71. Despite pretending to consume alcohol to satisfy her coworkers, throughout her employment, Plaintiff never actually consumed any alcohol during her workdays and was never under the influence of alcohol during her workdays.

72. During her employment, Plaintiff made several complaints to Defendants regarding these unlawful practices occurring in their business, yet Defendants failed to remedy these practices.

73. In or about January 2025, Plaintiff complained to Defendant Cenka that Defendants' other tipped employees sometimes retained certain tips and gratuities without contributing those tips and gratuities to the tip pool and that Defendants' other staff members, including other bartenders, sometimes consumed alcohol during their shifts. These complaints constitute protected activity under the FLSA, NYLL and NYLL § 740.

74. Despite this complaint, Defendant Cenka did not take any action to remedy these unlawful behaviors.

75. Rather, soon thereafter, Defendant Cenka switched Plaintiff's work schedule from working on Thursday to working on Tuesday, in retaliation for Plaintiff engaging in protected activity under the FLSA, NYLL and NYLL § 740.

76. In particular, tipped employees, including Plaintiff, typically earn less in tips and gratuities – the primary form of income for tipped employees – on Tuesdays compared to Thursdays. As a result, this scheduling change was intentionally designed to cause Plaintiff to suffer a monetary loss in tips and gratuities.

77. On or about January 22, 2026, Plaintiff requested to meet with Defendant Centrone to discuss the retaliatory change in her schedule. Defendant Centrone agreed to meet with her the following week on or about January 27, 2026.

78. On or about January 27, 2026, during the afternoon, Plaintiff met with Defendant Centrone, during which Plaintiff complained that Defendants' other tipped employees sometimes retained certain tips and gratuities without contributing those tips and gratuities to the tip pool and that Defendants' other staff members, including other bartenders, sometimes consumed alcohol during their shifts. These complaints constitute protected activity under the FLSA, NYLL and NYLL § 740.

79. During this meeting, Plaintiff complained that Defendants' staff repeatedly pressured her to participate in their alcohol drinking activities at work. However, Plaintiff clearly explained that Plaintiff never consumed any alcohol during any of her workdays and was never under the influence of alcohol during her workdays.

80. Later that same day, on or about January 27, 2026, during the evening, Plaintiff met with Defendants Centrone and Cenka, during which Plaintiff again complained that Defendants' other tipped employees sometimes retained certain tips and gratuities without contributing those tips and gratuities to the tip pool and that Defendants other staff members, including other bartenders, sometimes consumed alcohol during their shifts. These complaints constitute protected activity under the FLSA, NYLL and NYLL § 740.

81. During this meeting, Plaintiff again complained that Defendants' staff repeatedly pressured her to participate in their drinking activities at work. However, Plaintiff again clearly explained that Plaintiff never consumed any alcohol during any of her workdays and was never under the influence of alcohol during her workdays.

82. In response, during that same conversation, Defendants, through Defendants Centrone and Cenka, summarily terminated Plaintiff's employment as a direct result of her protected activity, in violation of the FLSA, NYLL and NYLL § 740.

83. Defendants did not terminate or discipline the staff members, or other bartenders, who engaged in these unlawful activities, policies and practices that Plaintiff complained about and/or objected to. Rather, Defendants terminated only Plaintiff in retaliation for engaging in several instances of protected activity, in violation of the FLSA, NYLL and NYLL § 740.

84. By engaging in each instance of protected activity, Plaintiff was disclosing unlawful conduct that she reasonably believed is in violation of various laws, rules and/or

regulations and objected to and/or refused to participate in each such unlawful activity, policy or practice, including, but not limited to, with respect to failing to distribute all tips and gratuities to Plaintiff and other employees through Defendants' tip pool and with respect to Defendants' staff, and in particular its bartenders, consuming alcohol during their shifts.

85. By their failure to remedy these unlawful activities, policies and practices, Defendants are condoning, ratifying and adopting those unlawful activities, policies and practices.

86. Based on the foregoing, Defendants repeatedly and callously retaliated against Plaintiff for engaging in protected activity, in violation of the FLSA, NYLL and NYLL § 740.

## COLLECTIVE ACTION ALLEGATIONS

87. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them overtime pay for hours worked in excess of forty (40) hours each week and by unlawfully retaining tips and gratuities earned by and owed to Plaintiff and other FLSA Collective Action Plaintiffs.

88. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interests in bringing this action.

89. Plaintiff seeks to proceed as a collective action with regard to the First and Second Claims for Relief, pursuant to 29 U.S.C. §216(b) on behalf of herself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a non-exempt, hourly paid, tipped employees, including but not limited to bartenders, servers, bar backs, back servers, or runners, and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

90. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay and unlawfully retained tips and gratuities earned by and owed to Plaintiff and other FLSA Collective Action Plaintiffs in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

91. Plaintiff brings the Third through Thirteenth Claims for Relief on behalf of herself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as a non-exempt, hourly paid, tipped employee, including but not limited to bartenders, servers, bar backs, back servers, or runners, and/or in a similarly situated position, at any time during the six (6) years prior to the filing of the original Complaint through the date of judgment (hereinafter referred to as the "Class" or the "Class Members").

92. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the

positions held, and rates of pay for the Class Members may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

93. The proposed Class is so numerous such that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants as a covered Class Member at any time during the six (6) years prior to the filing of the original Complaint.

94. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

95. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members proper overtime compensation at the correct rates of pay for hours worked in excess of forty hours in a single workweek;

(b) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members the applicable minimum wage rates of pay for their hours worked;

(c) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members their agreed upon rates of pay for their hours worked;

(d) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread of hours compensation for each workday where the start and end of their workday exceeded ten hours;

(e) Whether Defendants unlawfully made deductions to Plaintiff's and Class Members' wages, tips and gratuities, either directly or by separate transactions, for the benefit of Defendants and/or without authorization of Plaintiff or the Class Members;

(f) Whether Defendants failed and/or refused to pay, retained and/or failed to remit tips and gratuities due to Plaintiff and the Class Members, in violation of the NYLL and/or New York common law;

(g) Whether Defendants' pay practices violated the New York common law, in the form of unjust enrichment, with respect to the Plaintiff and Class Members;

(h) Whether Defendants' pay practices violated the New York common law, in the form of quantum meruit, with respect to the Plaintiff and Class Members;

(i) Whether Defendants' pay practices violated the New York common law, in the form of conversion, with respect to the Plaintiff and Class Members;

(j) Whether Defendants failed to furnish Plaintiff and the Class Members with a compliant notice informing them that they would be paid at a tipped rate, within the requirements set forth under the NYLL and its applicable regulations, and/or whether such notice was provided in their primary language;

(k) Whether Defendants' pay practices constitute an unlawfully administered tip pool arrangement, invalidating Defendants' right to a take a tip credit against hourly wages;

(l) Whether Defendants' managers participated in and/or unlawfully retained tips and gratuities from the tip pool due to Plaintiff and the Class Members;

(m) Whether Defendants' sommeliers participated in and/or unlawfully received tips and gratuities from the tip pool due to Plaintiff and the Class Members;

(n) Whether Defendants failed to furnish the Plaintiff and Class Members with a compliant notice of their wage rate upon their hire and/or whether such notice was provided in their primary language;

(o) Whether Defendants failed to furnish the Plaintiff and Class Members with accurate and/or complete wage statements for each pay period;

(p) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay, minimum wage compensation,

wages at their agreed upon rates of pay, spread of hours compensation, retaining of tips and gratuities, and unlawfully deducting and/or retaining wages, tips and gratuities, was done willfully and/or with reckless disregard of the state wage and hour laws;

(q) Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(r) Whether Defendants failed to keep and maintain true and accurate payroll records, including, *inter alia*, recording all hours worked, compensation received, and amounts of tips and gratuities earned and/or received, for the Plaintiff and Class Members;

(s) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(t) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

96. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected and harmed all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

97. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

98. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

99. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigations like the present

action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

100. The Class Members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

101. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in this Amended Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)**

102. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

103. Throughout the statutory period, Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and persons similarly situated to Plaintiff for their time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates or pay, whichever is greater, in violation of the FLSA.

104. Defendants' violations of the FLSA have been willful and intentional.

105. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

106. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff with respect to Defendants' violations of the FLSA are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action.

## SECOND CLAIM FOR RELIEF (FAIR LABOR STANDARDS ACT – UNLAWFULLY RETAINED AND/OR DEDUCTED TIPS AND GRATUITIES)

107. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

108. Pursuant to 29 U.S.C. § 203(m), "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

109. Additionally, according to Fact Sheet #15 Tipped Employees Under the Fair Labor Standards Act (FLSA), published by U.S. Department of Labor ("DOL" hereinafter), Wage and Hour division, "[r]egardless of whether an employer takes a tip credit, the FLSA prohibits

employers from keeping any portion of employees' tips for any purpose, whether directly or through a tip pool. An employer may not require an employee to give their tips to the employer, a supervisor, or a manager, even where a tipped employee receives at least the federal minimum wage (currently $7.25) per hour in wages directly from the employer and the employer takes no tip credit."

110. By setting and maintaining a policy and/or practice of improperly withholding all or portions of tips and gratuities meant to be paid to Plaintiff and persons similarly situated to Plaintiff, Defendants willfully and knowingly violated the FLSA.

111. By setting and maintaining a policy and/or practice of improperly withholding all or portions of tips and gratuities meant to be paid to Plaintiff and persons similarly situated to Plaintiff, Defendants have made unlawful deductions and required kickbacks from Plaintiff's and persons similarly situated to Plaintiff's wages, including but not limited to, deductions from Plaintiff's and persons similarly situated to Plaintiff's tips and/or gratuities that were received from customers and earned by and intended to be paid to Plaintiff and persons similarly situated to Plaintiff.

112. The deductions made from Plaintiff's and persons similarly situated to Plaintiff's wages have not been authorized or required by law.

113. The deductions made from Plaintiff's and persons similarly situated to Plaintiff's wages have not been expressly authorized in writing by Plaintiff and persons similarly situated to Plaintiff, and have not been for Plaintiff's and persons similarly situated to Plaintiff's benefit.

114. Through Defendants' knowing or intentional efforts to permit unauthorized deductions from Plaintiff's and persons similarly situated to Plaintiff's wages, including tips and/or gratuities that were received from customers and earned by and intended to be paid to Plaintiff and

persons similarly situated to Plaintiff, Defendants have willfully violated the FLSA. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

115. Defendants failed to maintain proper employment records as required by the FLSA.

116. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

117. As a result of the unlawful acts of the Defendants, Plaintiff and persons similarly situated to Plaintiff has been deprived of tips and gratuities in amounts to be determined at trial.

118. Based on the foregoing, Plaintiff and persons similarly situated to Plaintiff are also entitled to liquidated damages, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the FLSA.

**THIRD CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

119. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

120. Throughout the statutory period, Defendants employed Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty hours and failed to compensate the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates of pay, whichever is greater, in violation of the NYLL.

121. By Defendants' failure to pay Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, their correct overtime wages for hours worked in excess

of forty hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

122. Defendants' violations of the NYLL have been willful and intentional.

123. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – MINIMUM WAGES)**

124. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

125. Throughout the statutory period, Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations.

126. Defendants' violations of the NYLL have been willful and intentional.

127. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**FIFTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – FAILURE TO PAY WAGES DUE)**

128. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

129. NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

130. Throughout the statutory period, Defendants failed to compensate Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action at their regular rate of pay for certain hours that they worked in accordance with their agreed terms of employment.

131. Defendants' violations of the NYLL have been willful and intentional.

132. Due to Defendants' violations of the NYLL, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover for all hours worked for Defendants but for which Defendants did not provide compensation at their regular rates of pay.

133. Due to Defendants' violations of the NYLL, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendants' failure to pay wages in accordance with their agreed terms of employment.

**SIXTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATION)**

134. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

135. Throughout the statutory period until on or about September 15, 2025, Defendants failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour of pay at the basic minimum wage rate for each day their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR § 146-1.6.

136. Defendants' failure to pay spread-of-hours compensation was willful and intentional.

137. For the foregoing reasons, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

**SEVENTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNLAWFULLY RETAINED TIPS AND GRATUITIES)**

138. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

139. Pursuant to NYLL § 196-d, an employer is not permitted to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

140. Throughout the statutory period, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities.

141. However, throughout the statutory period, Defendants retained and/or failed to remit, directly and indirectly, a portion of the tips and gratuities intended for the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, and they have not

been paid those tips and gratuities as Defendants have unlawfully retained and/or failed to remit those tips and gratuities to them, in violation of NYLL § 196-d.

142. Defendants' violations of the NYLL have been willful and intentional.

143. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to their unpaid tips and gratuities, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**EIGHTH CLAIM FOR RELIEF**
**(VIOLATIONS OF NEW YORK LABOR LAW § 193)**

144. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

145. NYLL § 193 prohibits employers from taking any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit.

146. Based on the forgoing, throughout the statutory period, Defendants engaged in multiple forms of unlawful deductions to Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's wages, tips and gratuities, directly and/or by separate transactions, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

147. Thus, throughout the statutory period, Defendants commonly made deductions to Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's wages, tips and gratuities, solely for the benefit of the Defendants, without Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's authorization, and not for the benefit of the Plaintiff, Class Members and any FLSA Collective Action Plaintiff

who opts-into this action, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

148. Defendants' violations of the NYLL have been willful and intentional.

149. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**NINTH CLAIM FOR RELIEF**
**(UNJUST ENRICHMENT)**

150. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

151. Throughout the statutory period, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities – a form of wages – and received compensation through an hourly rate of pay.

152. However, throughout the statutory period, Defendants retained and/or failed to remit their hourly wages for certain hours worked at any rate of pay and retained and/or failed to remit portion of the tips and gratuities intended for the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, thereby withholding their compensation in the form of earned wages, tips, gratuities and/or money due and owing to them.

153. Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff, Class Members and any FLSA Collective Action Plaintiff

who opts-into this action and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

154. Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

## TENTH CLAIM FOR RELIEF
## (QUANTUM MERUIT)

155. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

156. Throughout the statutory period, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, performed valuable services for Defendants in good faith, at Defendants' behest, which were accepted by Defendants.

157. Throughout the statutory period, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, performed valuable services for Defendants with the expectation that they would be compensated for their work.

158. Throughout the statutory period, Defendants failed to compensate Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, at their regular rate of pay or any rate of pay for certain hours that they worked for the Defendants.

159. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, are entitled to the recovery of the reasonable value of the services that they provided

to Defendants, Defendants were enriched at the expense of the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

160. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, have sustained and are entitled to recover damages, costs of this action, and interest as permitted by law.

161. Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

## ELEVENTH CLAIM FOR RELIEF
## (CONVERSION)

162. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

163. Based on the foregoing, throughout the statutory period, Defendants engaged in multiple forms of unlawful conversion of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's property, including, but not limited to, retaining and/or failing to remit earned wages, tips, gratuities and/or money due to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action.

164. Throughout the statutory period, Defendants engaged in this conduct and have retained and/or failed to remit to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action their earned wages, tips, gratuities and/or money without Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's authorization and without their consent.

165. Based on the foregoing, Defendants' conduct – including, not limited to retaining and/or failing to remit Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's earned wages, tips, gratuities and/or money – amounts to nothing less than blatant theft of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's earned wages, tips, gratuities and/or money.

166. Based on the foregoing, Defendants intentionally and without authority, assumed or exercised control over Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's personal property, in the form of earned wages, tips, gratuities and/or money, that belonged to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, and that did not belong to Defendants, and interfered with Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights of possession.

167. Based on the foregoing, Defendants intentionally engaged in conversion by taking possession of and/or failing to remit Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's property in the form of earned wages, tips, gratuities and/or money, and by permanently impeding Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action from using their earned wages, tips, gratuities and/or money, which they has the exclusive rights to use.

168. As a result of Defendants' unlawful conduct, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to all damages, the value of all property, earned wages, tips, gratuities and/or money converted to Defendants' possession and/or use, out of pocket costs, other incidental and consequential damages, costs of this action and interest as permitted by law.

169. Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

## TWELFTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(1))

170. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

171. Throughout the statutory period, Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon their hire in their primary language – or at all – regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

172. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1),

Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**THIRTEENTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(3))**

173. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

174. Throughout the statutory period, Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff, with accurate statements of their wages earned, including, *inter alia*, their correct regular and overtime rates of pay, their correct amount of regular and overtime hours worked, their spread of hours compensation, and their correct amount of tips and gratuities earned and/or received, their correct amount of gross wages, net wages, deductions and allowances, and the inaccurate and incomplete wage statements provided failed to include the employer's telephone number, for each pay period as required by NYLL § 195(3).

175. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with accurate and complete wage statements as required by NYLL § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**FOURTEENTH CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – RETALIATION)**
**(ON BEHALF OF PLAINTIFF ONLY)**

176. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

177. Pursuant to FLSA § 215(a)(3), it is unlawful "to discharge or in any other manner discriminate against any employee because such employee" has engaged in protected activity under the statute.

178. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff was an employee within the meaning of the FLSA.

179. As also described above, after Plaintiff lodged good faith complaints with Defendants regarding their unlawful pay practices, including, *inter alia*, with respect to their failure to properly administer Defendants' tip pool and failing to distribute all tips and gratuities through Defendants' tip pool, constituting protected activity under the FLSA, Defendants retaliated by terminating her employment.

180. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm, including loss of past and future earnings and other employment benefits, for which she is entitled to an award of monetary damages and other relief.

181. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

182. Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the FLSA's anti-retaliation provisions, and all other appropriate forms of relief, including attorneys' fees and costs of this action.

**FIFTEENTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – RETALIATION)**
**(ON BEHALF OF PLAINTIFF ONLY)**

183. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

184. Pursuant to NYLL § 215, it is unlawful to "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee" who has engaged in protected activity under the statute.

185. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff was an employee within the meaning of the NYLL.

186. As also described above, after Plaintiff lodged good faith complaints with Defendants regarding their unlawful pay practices, including, *inter alia*, with respect to their failure to properly administer Defendants' tip pool and failing to distribute all tips and gratuities through Defendants' tip pool, constituting protected activity under the NYLL, Defendants retaliated by terminating her employment.

187. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm, including loss of past and future earnings and other employment benefits, for which she is entitled to an award of monetary damages and other relief.

188. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

189. Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL's anti-retaliation

provisions, and all other appropriate forms of relief, including attorneys' fees, costs of this action, and interest as permitted by law.

190. At or before the filing of this Amended Complaint, Plaintiff has served notice of this action upon the Office of the New York State Attorney General.

**SIXTEENTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – RETALIATION UNDER NYLL § 740)**
**(ON BEHALF OF PLAINTIFF ONLY)**

191. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

192. Section 740 of the New York Labor Law prohibits an employer from taking "any retaliatory action against an employee, whether or not within the scope of the employee's job duties, because such employee does any of the following: (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation or that the employee reasonably believes poses a substantial and specific danger to the public health or safety; (b) provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any such activity, policy or practice by such employer; or (c) objects to, or refuses to participate in any such activity, policy or practice."

193. At all times relevant, Plaintiff was an employee of Defendants within the meaning of NYLL § 740(1)(a).

194. At all times relevant, Defendants were employers within the meaning of NYLL § 740(1)(b) and Defendants employed "one or more employees."

195. As described above, after Plaintiff lodged good faith complaints with Defendants regarding their unlawful pay practices and other unlawful activities, policies and practices that she

reasonably believed violated applicable laws, rules and regulations, constituting protected activity under the NYLL § 740, Defendants retaliated by terminating her employment.

196. Thus, Defendants terminated Plaintiff's employment because she disclosed to two supervisors multiple activities, policies and/or practices of the employer that the employee reasonably believed was in violation of various laws, rules and/or regulations, and because she objected to or refused to participate in any such unlawful activities, policies and/or practices, in violation of NYLL § 740.

197. Plaintiff engaging in multiple instances of protected activity was a substantial motivating reason for Defendants' discharge of Plaintiff.

198. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of NYLL § 740, Plaintiff has suffered, and continues to suffer, economic harm, including loss of past and future earnings and other employment benefits, for which she is entitled to an award of monetary damages and other relief.

199. Furthermore, Plaintiff is entitled to an additional civil penalty in an amount up to $10,000.00, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL § 740's anti-retaliation provisions, and all other appropriate forms of relief, including attorneys' fees, costs of this action, and interest as permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Class Members and FLSA Collective Action Plaintiffs pray for the following relief:

i. Issuing an order restraining Defendants from any retaliation against Plaintiff, Class Members and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuing a declaratory judgment that the practices complained of in this Amended Complaint are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.* and supporting regulations and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, and under New York common Law;

iii. Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv. Certifying this action a class action pursuant to Fed. R. Civ. P. 23;

v. Awarding unpaid overtime wages, any unpaid wages and/or unlawfully deducted and/or retained wages in the form of unpaid tips and gratuities, and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

vi. Awarding unpaid wages, including overtime wages, minimum wages, wages at their agreed upon rates of pay, spread of hours wages, unpaid or unlawfully retained tips and gratuities, unlawfully deducted wages, tips and/or gratuities from earned wages, and any other forms of compensation, and an additional and equal amount as liquidated damages, pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

vii. Awarding damages pursuant to NYLL §§ 195(1), 195(3), 198;

viii. Awarding damages relating to the unlawful violations of the New York common law with respect to unjust enrichment, quantum meruit and conversion;

ix. Awarding all damages recoverable due to Defendants' unlawful retaliatory conduct, including but not limited to any compensatory damages for back pay, front pay, employee benefits that Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, out of pocket costs and expenses, and liquidated damages;

x. Awarding an additional civil penalty in an amount up to $10,000.00 under NYLL § 740;

xi. Awarding punitive damages as permitted by law;

xii. Awarding pre- and post-judgment interest as permitted by law;

xiii. Awarding attorneys' fees incurred in prosecuting this action;

xiv. Awarding all costs and expenses incurred in prosecuting this action; and

xv. Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
June 16, 2026

ROMERO LAW GROUP PLLC
*Attorneys for Plaintiff*
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel.: (631) 257-5588

By: ______________________________
DAVID D. BARNHORN, ESQ.